LEONARD TURNAGE, APPEARING BY HIS NEXT FRIEND, JOHN GOULDING, v. NEW BERN CONSISTORY No. 3, C. A. SEIFERT, SECRETARY, TRADING AS MASONIC THEATRE; O. A. KAFER, MANAGER, AND SETH E. RAWLS.

(Filed 31 May, 1939.)

APPEAL by defendants from *Williams, J.,* and a jury, at February Term, 1939, of CRAVEN. No error.

This is an action brought by plaintiff against the defendants, to recover damages for slander. The issues submitted to the jury (which indicate the controversy) and their answers thereto were as follows:

"1. Did the defendant Rawls wrongfully and falsely speak of and concerning the plaintiff defamatory words, in substance, as alleged in the complaint? Ans.: 'Yes.'

"2. If so, was the defendant Rawls at such time the servant, agent or employee of the defendant, New Bern Consistory No. 3, and acting within the scope of his employment at such time? Ans.: 'Yes.'

"3. What compensatory damage, if any, is the plaintiff entitled to recover by reason thereof? Ans.: '$50.00.'

"4. What punitive damage, if any, is the plaintiff entitled to recover by reason thereof? Ans.: 'Nothing.'"

The court below rendered judgment on the verdict. The defendants excepted and assigned error and appealed to the Supreme Court.

*L. T. Grantham and W. B. R. Guion for plaintiff.*
*L. I. Moore for defendant.*

PER CURIAM. At the close of plaintiff's evidence and at the conclusion of all the evidence, the court below overruled the motions made by defendants for judgment as in case of nonsuit. C. S., 567.

The defendant also demurred *ore tenus* to the complaint and to the evidence and moved to dismiss the action. These motions cannot be sustained. We think the language spoken by Rawls and set forth in the complaint, and repeated in the presence of others, was such defamatory words as amounted to slander. That Rawls, who spoke the language, was about his master's business. We think that New Bern Consistory No. 3 is not immune from an action like the present because it gives its net profits, derived from its operation of a moving picture show, to crippled children's hospitals. It must be just before being generous.

In the judgment of the court below, there is
No error.